Boyd *v.* The State.

LEE BOYD *v.* THE STATE.

CRIMINAL LAW. *Admissibility of evidence.* On the trial of the defendant for malicious stabbing, evidence of the relations existing between him and a woman with whom he had lived previously to the difficulty, was properly admitted, to show his feelings to the injured party, at whose house he had seen her, and also to explain the meaning of his (defendant's) threats against any one that might "fool with her."

FROM DAVIDSON.

Appeal from the Criminal Court. THOMAS N. FRAZIER, Judge.

No briefs appear in this case.

NICHOLSON, C. J., delivered the opinion of the Court.

Lee Boyd was convicted, in Davidson County Criminal Court, of malicious stabbing.

The defendant excepted to the admission of evidence of his having lived with Abby McGuire as his wife, previous to the difficulty, without being married to her.

The evidence shows, that, defendant in passing the house of Rice, upon whom the injury was inflicted, saw Abby in his house, and asked her what she was doing in Rice's house, shut up with him. He then went to the house where Abby lived, and she shortly afterwards came in, and he repeated the question to her, to which she

replied, "we were not doing anything;" he said, "yes, you were." She then said she would send for Rice, and he replied, "I don't care who you send for, I'll beat, cut and shoot any man that fools with you." About this time Rice came into the room, when Abby told him what defendant had said. Rice then said, any man that says that is a liar. Boyd was standing in the door, and said "you are another liar." Rice started out the door, having two shoes in his hands, such as clog-dancers use, and Boyd struck him with his fist upon the neck. Rice then threw both shoes at Boyd, and Abbey ran between them, and received a cut upon her hand, and Rice was cut in the neck and had his ear slit.

The above are the facts, as stated by Abby, and she said, on cross-examination, that defendant did not cut Rice until after he, Rice, had thrown both shoes, and that she saw that Rice's clothes were bloody when she ran between them.

Rice, in his examination, says that he started out of the house to go home, and not for the purpose of having a difficulty, and that Boyd cut him with the knife in the neck and through the ear, as he approached him, and that he then threw one shoe at him, and then Abby ran between them and got her hand cut, by a blow made at him, and then he threw the other shoe and picked up a brick, and Boyd retreated.

We do not think it was erroneous to allow proof of the former relations of Abby and defendant, as it may serve to show what were his feelings toward Rice,

on discovering Abby at his house, and, also, to explain what he meant by his threat to cut or shoot or beat any one who might " fool with her."

Abby and Rice were the only two witnesses present, and disagree as to whether the cutting or stabbing was done by the first blow struck by Boyd.    Abby says she is certain that Boyd did not stab or cut Rice until after Rice had thrown both shoes at him. According to her statement, upon Boyd's returning the lie, Rice started toward him, with these wooden-bottomed shoes in his hands, and that Boyd struck with his fist, and then Rice threw the shoes, and Boyd cut him with his pocket knife.    It does not appear that Boyd had his knife in his hand when Rice approached him, nor when it was drawn from his pocket and opened.

Upon these facts, we are of opinion, that, the malice necessary to establish the offence of which Boyd has been convicted, has not been shown to exist.

Boyd was passing the house where he first saw Abby, upon his legitimate business, and had no reason to expect that Rice would follow him to Abby's room when he stopped, nor did he manifest any purpose to assault him, until after he approached him, during the quarrel between them.

We do not feel satisfied that the malice necessary to sustain conviction for malicious stabbing, is sufficiently made out by the evidence.

Reverse the judgment and remand the cause for a new trial.